## Pottstown Lincoln-Mercury, Inc., v. Montgomery County Auto Sales, Inc., et al.

*High, Swartz, Childs & Roberts*, for plaintiff.

*Wisler, Pearlstine, Talone & Gerber*, for defendants.

FORREST, J., December 27, 1954.—The sole question before us for determination is whether a person being orally examined under Pa. R. C. P. 4007 may be excused from answering relevant questions for the reason that they pertain to conversations with the party on whose behalf the examination is being made,

or with such party's servant, agent or employe and that, therefore, such party is not in need of such answers and has no right to them before trial.

This is an action in equity to set aside a transfer of title of 12 new automobiles to defendant, John J. Pappert and 12 automobiles to defendant, John U. Elwin, under an agreement allegedly entered into on behalf of defendant, Montgomery County Auto Sales, Inc., by its duly authorized agents, Pappert and Vincent Pennetti, whereby the vendee was to make payment of the purchase price in cash or certified check concurrently with the delivery of the vehicles. The complaint alleges that the vehicles were delivered, and that Pennetti presented to plaintiff an instrument falsely and fraudulently represented by Pennetti, Pappert and defendant corporation to be a certified check of the defendant corporation, in payment therefor; that the check was signed by Pappert as president of such corporation, and that the check was not certified nor did such corporation possess sufficient funds, at the bank whereon the check was drawn, to pay said check; that plaintiff demanded of defendants, through their agent, Pappert, the return of all the automobiles and title certificates, but has been unable to ascertain the whereabouts of two of the aforementioned automobiles and will be unable to obtain A titles from the Bureau of Motor Vehicles unless the presently existing title papers are returned to the bureau and that it will suffer irreparable harm unless the present title papers are handed over to plaintiff.

Answers having been filed by defendants plaintiff filed a notice that the deposition of Pappert would be taken on oral examination under Pa. R. C. P. 4007(a). This rule provides:

"(a) Any party may take the testimony of any person, including a party, for the purpose of dis-

covery by deposition upon oral examination . . . of the identity and whereabouts of witnesses. Subject to the limitations provided by Rule 4011, the deponent may also be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the action and will substantially aid in the preparation of the pleadings or the preparation or trial of the case."

Pa. R. C. P. 4011 provides:

"No discovery or inspection shall be permitted which

"(a) is sought in bad faith;

"(b) causes unreasonable annoyance, embarrassment, expense or oppression to the deponent or any person or party;

"(c) relates to matter which is privileged or would require the disclosure of any secret process, development or research;

"(d) would disclose the existence or location of reports, memoranda, statements, information or other things made or secured by any person or party in anticipation of litigation or in preparation for trial or would obtain any such thing from a party or his insurer, or the attorney or agent of either of them, other than information as to the identity or whereabouts of witnesses; or

"(e) would require the making of an unreasonable investigation by the deponent or any party or witness."

At the taking of the deposition, the witness was interrogated generally as to what relevant conversations, if any, occurred between himself and any officials or agents (one of whom was specifically identified) of plaintiff corporation. On advice of counsel, the witness declined to answer questions pertaining to such conversations. As a result plaintiff has filed a motion for an order compelling the witness to answer the questions. This motion was filed in conformity with Pa. R. C. P. 4019(b), which provides:

"(b) If a deponent refuses to be sworn or to answer any question, the deposition shall be completed on other matters or adjourned, as the proponent of the question may prefer. Thereafter, on reasonable notice to all persons affected thereby, the proponent may apply to a proper court in the county where the deposition is being taken or to the court in which the action is pending, for an order compelling the witness to be sworn or to answer, under penalty of contempt, except that where the deposition of a witness not a party is to be taken outside the Commonwealth, the application shall be made only to a court of the jurisdiction in which the deposition is being taken. If the application is granted and if the court finds that the refusal was without substantial justification, the court may require the refusing deponent, and any party inducing the refusal, or either of them, to pay to the examining party the amount of the reasonable expenses incurred in obtaining the order, including attorney's fees. If the application is denied and if the court finds that the application was made without substantial justification, the court may require the examining party to pay to the refusing party or witness the amount of the reasonable expenses incurred in opposing the application, including attorney's fees."

These rules should be liberally construed. It is often difficult, if not impossible, for a court to conclude in advance of trial, whether a matter inquired into on depositions "will substantially aid in . . . the preparation or trial of the case".

Pa. R. C. P. 4011, supra, prohibits discovery in certain enumerated instances. As far as we can determine at present, this case does not fall within any of the prohibitions. Deponent contends that the motion was not made in good faith, but for the purpose of causing unreasonable annoyance, embarrassment and expense to the witness. Bad faith should not be

imputed to a party seeking discovery unless the irrelevance, immateriality or scandalous character of the questioning is apparent. Of course, it is usually an annoyance and expense for people to be obliged to report for depositions. Since depositions are now authorized in the instances mentioned, it seems that any annoyance and expense incidental to the taking of a supplemental deposition and the eliciting of the answers which the witness previously declined to make, are necessary only because of deponent's noncompliance with the rule at the taking of the original deposition. The pertinent rules first became effective on July 1, 1954, and there appears to be no precedent in Pennsylvania for the guidance of counsel or of this court. Rule 26(b) of Federal Rules of Civil Procedure contains provisions substantially the same as those of Pa. R. C. P. 4007(a) and phraseology so similar that one can safely conclude that the Pennsylvania rule has been derived from the Federal rule. However, the Federal rule does not restrict the examination to matters which "will substantially aid in the preparation of the pleadings or the preparation or trial of the case". We have no means of knowing what the answers will be to the questions propounded; however, it appears as though the answers, if definite, would come within the prescribed scope.

Although, as we have seen, the State and Federal rules are somewhat different, the comment in Barron and Holtzoff, Federal Practice and Procedure, vol. 2, page 316, is pertinent:

"Under the former (federal) equity practice it was held that discovery could not be had as to matters already within the knowledge of the party seeking discovery. It would seem that this principle should not be applicable to the scope of examination under these rules, since the purpose of such examination is

not only to discover unknown facts but also to obtain evidence of facts which might already be known as well as to ascertain the position of the adverse party on the controverted issues. To apply the former rule rigidly would unduly restrict the discoverer in obtaining proof of his case and admissions from the other party and might require the court to engage in a purposeless inquiry as to the extent of knowledge of the party seeking discovery. . . . However, the fact that the party seeking discovery already has knowledge of the facts sought may cause the court to decide that there is no need for the discovery and to refuse to require it. The logical rule would seem to be that knowledge is not an absolute bar to discovery but merely a circumstance to be considered in determining whether the discovery is necessary and is sought in good faith."

Subject to the express limitations of Pa. R. C. P. 4011, "The interrogation may relate to any relevant matter, not privileged, irrespective of whether its purpose is to narrow the issues, to obtain evidence for use at the trial or to ascertain where such evidence may exist and may be secured": Barron and Holtzoff, op. cit., vol. 2, page 298.

Of course, the right to take depositions is extensive, but the right to use them at trial is an entirely different matter: Drum v. Town of Tonawanda, 13 F. R. D. 317 (1952).

## Order

And now, December 27, 1954, pursuant to Pa. R. C. P. 4019(*b*), it is ordered that defendant, John J. Pappert, shall be sworn and shall answer, under penalty of contempt, questions which he declined to answer when his deposition was taken on September 28, 1954.